## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| JILL SPRING, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| KFF ARBITRATION, LLC, a New | ) | |
| York limited liability company; LAW | ) | |
| FIRM OF KARL FRANKOVITCH, | ) | |
| LLC, a New York professional limited | ) | |
| liability company; and KARL | ) | |
| FRANKOVITCH, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.     This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendants violated said Act while attempting to collect an alleged debt from Plaintiff.

2.     The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id.*

3.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

4.      There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

5.      The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

6.      The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States

district court without regard to the amount in controversy, ...").

8.      Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

9.      Jill Spring is a natural person and resident of Boca Raton, Florida. Boca Raton is located in Broward County.

10.     Jill Spring, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11.     KFF Arbitration, LLC is a New York limited liability company whose principal office is 732 Center Street, Lewiston, NY 14092.

12.     The Law Firm of Karl Frankovitch, LLC is a New York professional limited liability company whose principal address is 732 Center Street, Lewiston, NY 14092.

13.     Karl Frankovitch is a natural person and an attorney licensed to practice in the State of New York. He can be located at 732 Center Street, Lewiston, NY 14092.

14.     Upon information and belief, KFF Arbitration, LLC is wholly owned by Law Firm of Karl Frankovitch, LLC. Karl Frankovitch is the sole owner of Law Firm of Karl Frankovitch, LLC.

15.     Karl Frankovitch directly controls the day-to-day operation of Law Firm of Karl Frankovitch, LLC and KFF Arbitration, both of which are alter-egos of Karl Frankovitch in that KFF Arbitration, upon information and belief, exists only to attempt

to collect debts by threat of lawsuit by Law Firm of Karl Frankovitch, LLC

16.   At certain times herein, Defendants KFF Arbitration, LLC, Law Firm of Karl Frankovitch, and Karl Frankovitch are cumulatively referred to as "Defendants."

17.   Defendants, through telephone calls, threats of law suits, and the mailing of debt collection letters, regularly attempt to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5). Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.   During and shortly prior to the month leading up to the filing of this action, Plaintiff and members of her family began receiving telephone calls from an individual identifying himself as John Sullivan from KFF Arbitration.

19.   The subject telephone calls originated from the number 833-699-1795. That number, when called back, reaches a prerecorded message stating, "Yes. This is John Sullivan, KFF Arbitration. Please leave your name, number, a file number, and I'll reach you back as soon as possible."

20.   During one call, placed to Plaintiff's spouse, Adam, John Sullivan left the following voice mail message:

> "Yeah, Mr. Adam Spring ... John Sullivan, KFF Arbitration ... direct conjunction with the Law Firm of Karl Frankovitch, contacting you because your name and number had come up in my investigation for Jill Spring. I have a pending lawsuit and a case file coming across my desk for a final authorization. Looking this over, we've tried to advise Ms. Spring via written notice on several occasions with no response. So, at this point, we need to speak with her directly by law in Palm Beach County before we can proceed further in this legal process ... uh, to the best of our ability. So, before I give that authorization to move further in the process, also contacting the proper representative in Palm Beach to provide documentation for the appearance on this matter, either at her home or

place of employment, which ... uh, hopefully the appearance on her ... for an appearance related to this matter. Hopefully, the appearance on her behalf does not become necessary, and she can reach me back directly ... uh ... 833-699-1795. Uh ... appreciate the cooperation. Have a great day."

21.     John Sullivan also left materially identical messages on voice mails belonging to Plaintiff's son, a 13-year-old minor, her father-in-law, Richard, and her sister-in-law Jennifer.

22.     At all times relevant herein, the individual identifying himself as John Sullivan was acting within the course and scope of his employment with KFF Arbitration when he placed the violative telephone calls.

23.     Defendants Karl Frankovitch and The Law Firm of Karl Frankovitch individually and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal practices and procedures, used by KFF Arbitration, that are the subject of this complaint. These Defendants personally control the illegal acts, policies, and practices utilized by John Sullivan and KFF Arbitration and are therefore jointly liable for all the wrongdoing alleged in this complaint.

24.     On October 3, 2018, Plaintiff retained counsel in this matter, whose office contacted John Sullivan via telephone in order to discuss the alleged "pending lawsuit."

25.     As a result of that call, and subsequent investigation, Plaintiff learned that Defendants were attempting to collect on an allegedly delinquent Nordstrom credit card account which has been closed for over 10 years.

26.     The Nordstrom credit card terms and conditions includes a Delaware choice of law provision. Delaware's statute of limitations on credit card debt is three (3) years. Florida's statute of limitations on open ended accounts, and more specifically

store accounts, is four (4) years. In any event, any conceivable statute of limitations that might be held to apply to the alleged debt has long ago expired.

**COUNT I**
**Violation of the FDCPA at 15 U.S.C. § 1692c(b)**

27.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28.     Section 1692c(b) prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. *Ingram v. Wells Fargo Bank, NA,* Case No: 8: 11-cv-1461-T-23EAJ (M.D. Fla. Jan. 26, 2012).

29.     Defendants communicated, in connection with the collection of a debt, with Plaintiff's spouse, her minor son, her father-in-law, and her sister-in-law. These communications were not limited to the acquisition of location information permitted in 15 U.S.C. § 1692b. Instead, Defendants disclosed not only that Plaintiff allegedly owed a debt, but that she was about to be sued.

30.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendants, jointly and severally, for:

a.   Statutory damages in the amount of $1,000 dollars;

b.   Attorney's fees, litigation expenses and costs of suit;

c.   Such other or further relief as the Court deems proper.

## COUNT II
### Violation of the FDCPA at 15 U.S.C. § 1692e(2)(A)

31.   Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32.   Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt."

33.   Nondisclosure of the fact that a debt is time-barred misleading and deceptive in at least two ways: first, because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, attempts to collect on such debt may create a misleading impression that the consumer has no defense to a lawsuit; and second, consumers often do not know that in many states the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1015 (7th Cir. 2014).

34.   "[T]he proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe that a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under [§ 1692e(2)(A)]." *Id.* at 1020.

35.   15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs requests judgment in her favor, and against Defendants, jointly and severally, for:

     d.  Statutory damages in the amount of $1,000 dollars;

     e.  Attorney's fees, litigation expenses and costs of suit;

     f.  Such other or further relief as the Court deems proper.

## COUNT III
### Violation of the FDCPA at 15 U.S.C. § 1692e(5)

36.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37.    Section 1692e(5) prohibits a debt collector from threating "to take any action that cannot legally be taken or that is not intended to be taken."

38.    Threatening a lawsuit on a time-barred debt is the type of action that this section of the FDCPA was meant to protect against, and is a violation of 15 U.S.C. § 1692e(5). *See Knighten v. Palisades Collections, LLC*, 721 F. Supp. 2d 1261, 1265 (S.D. Fla. 2010) (citing *Gilmore v. Account Management, Inc.*, No. 08-cv-01388-JOF, 2009 WL 2848278 (N.D. Ga. 2009).

39.    15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs requests judgment in her favor, and against Defendants, jointly and severally, for:

     g.  Statutory damages in the amount of $1,000 dollars;

     h.  Attorney's fees, litigation expenses and costs of suit;

i.   Such other or further relief as the Court deems proper.

## COUNT IV
### Violation of the FDCPA at 15 U.S.C. § 1692e(10)

40.   Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41.   This section prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

42.   By employing its patently false, "pending lawsuit" ruse on Plaintiff's family members in an attempt to coerce contact with Plaintiff, Defendants engaged in a "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

43.   15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs requests judgment in her favor, and against Defendants, jointly and severally, for:

j.   Statutory damages in the amount of $1,000 dollars;

k.   Attorney's fees, litigation expenses and costs of suit;

l.   Such other or further relief as the Court deems proper.

## COUNT V
### Violation of the FDCPA at 15 U.S.C. § 1692g(a)

44.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45.    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46.    Defendants' initial communication with Plaintiff did not contain the required information, nor did Defendants provide the required information, in writing, within five days after initial communication.

47.    15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for

up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs requests judgment in her favor, and against Defendants, jointly and severally, for:

      m. Statutory damages in the amount of $1,000 dollars;

      n. Attorney's fees, litigation expenses and costs of suit;

      o. Such other or further relief as the Court deems proper.

### JURY DEMAND

48.     Plaintiffs demand trial by jury.

Dated: October 11, 2018

                  Respectfully submitted,

                  *s/ Scott D. Owens*
                  Scott D. Owens, Esq. (FBN 0597651)
                  Scott D. Owens, P.A.
                  3800 S. Ocean Dr., Ste. 235
                  Hollywood, FL 33019
                  Tel: 954-589-0588
                  Fax: 954-337-0666
                  scott@scottdowens.com